UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNE L. MEDLEY,

        Plaintiff,

    v.                                  Case No. 18-C-627

HUMANA HEALTH INSURANCE,

        Defendant.

## DECISION AND ORDER

Plaintiff Anne L. Medley filed this action against Defendant Humana Health Insurance on May 22, 2018. Humana filed a motion to dismiss this *pro se* action, asserting that Medley's fraud, theft, and breach of contract claims as well as her § 1981 claims, which arose in 2008, are barred by the statute of limitations. Medley has not submitted a response to the motion. For the following reasons, the motion to dismiss will be granted and the case will be dismissed with prejudice.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). The court is also obliged to construe a plaintiff's *pro se* allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Although motions to dismiss under Rule 12(b)(6) generally do not address affirmative defenses, "the statute of limitations may be raised in a motion to dismiss 'if the allegations of the

complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 579 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 843 (7th Cir. 2005)). It is appropriate to consider the statute of limitations at this stage if the "relevant dates are set forth unambiguously in the complaint," *id.*, and if the plaintiff effectively pleads herself out of court by providing enough facts in her complaint to establish a timing defect. *Cancer Found. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674–75 (7th Cir. 2009). In this case, Medley has pleaded facts showing that her claims are barred by the statute of limitations. Accordingly, dismissal pursuant to Rule 12(b)(6) is appropriate.

Medley alleges Humana committed fraud, theft, and breach of contract and discriminated against her. The relevant statute of limitations for Medley's fraud, theft, and breach of contract claims is six years. *See* Wis. Stat. §§ 893.51, 893.43, 893.93. Under these statutes, "an action upon any contract, obligation, or liability, express or implied, . . . shall be commenced within 6 years after the cause of action accrues or be barred." Wis. Stat. § 893.43. The statute of limitations begins to run either when the injury is discovered or when it should have been discovered with "reasonable diligence." *Hanson v. A. H. Robins, Inc.*, 355 N.W.2d 578, 583 (Wis. 1983). Her claims of discrimination under 42 U.S.C. § 1981 are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004).

Medley alleges that, in 2008, she paid Humana for a mail order that it never sent to her. When she asked Humana about her order, staff advised her that the order had been sent. She claims Humana never replaced the order. Even though Medley discovered her injury in 2008, she did not file her complaint until May 22, 2018, ten years after the events occurred. Medley failed to file her complaint within the time allowed under the applicable statute of limitations. Her complaint is therefore time-barred and the case must be dismissed.

**IT IS THEREFORE ORDERED** that Humana's motion to dismiss (ECF No. 3) is **GRANTED**. This action is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated this  16th  day of July, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court